1 │ William T. Eliopoulos (State Bar No. 100633)
   │ weliopoulos@rutan.com
2 │ Kaveh Badiei (State Bar No. 215179)
   │ kbadiei@rutan.com
3 │ RUTAN & TUCKER, LLP
   │ Five Palo Alto Square
4 │ 3000 El Camino Real, Suite 200
   │ Palo Alto, CA 94306-9814
5 │ Telephone:   650-320-1500
   │ Facsimile:    650-320-9905
6 │
   │ Attorneys for Defendant
7 │ INDIANAPOLIS LIFE INSURANCE COMPANY

*E-filing*

*FILED*

OCT 27 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

8 │ UNITED STATES DISTRICT COURT

9 │ NORTHERN DISTRICT OF CALIFORNIA

10 │

11 │ MICHAEL RICUPITO, an individual; and
    │ MICHAEL R. RICUPITO, DDS, MS, INC.,
12 │ a California corporation; MICHAEL
    │ RICUPITO DDS, DEFINED BENEFIT
13 │ PENSION PLAN,

Case No. **C09-05111 CRB**

**DEFENDANT INDIANAPOLIS LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL**

14 │           Plaintiffs,

15 │      vs.

16 │ INDIANAPOLIS LIFE INSURANCE
    │ COMPANY, an Indiana corporation, and
17 │ DOES 1 through 100, inclusive,

18 │           Defendant.

19 │

20 │ **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

21 │

22 │      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Indianapolis Life

23 │ Insurance Company ("Indianapolis Life"), hereby gives notice of removal of this action

24 │ from the Superior Court of the State of California in and for the County of Alameda, where

25 │ this action was commenced, to the United States District Court for the Northern District of

26 │ California, the district embracing the place where the case is pending.  In support of this

27 │ Notice of Removal, Indianapolis Life states the following:

28 │

Rutan & Tucker, LLP
attorneys at law

2395/022625-0013
1047386.01 a10/27/09

-1-
NOTICE OF REMOVAL

1

**TIMELINESS OF REMOVAL**

2   1.   On or about September 8, 2009, Plaintiffs commenced this action against
3   Indianapolis Life by filing a Complaint in the Superior Court of the State of California in
4   and for the County of Alameda, styled *Michael Ricupito, et al. v. Indianapolis Life*
5   *Insurance Company*, Case No. HG09472810.

6   2.   The Complaint was served on CT Corporation, Indianapolis Life's agent for
7   service of process in California, September 29, 2009. True and correct copies of the
8   summons and all the pleadings, process and orders contained in the court file and/or served
9   upon Indianapolis Life in said action are attached hereto as Exhibit A and incorporated
10  herein.

11  3.   Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it
12  was effected within thirty (30) days of service of the original Complaint on Indianapolis
13  Life. See 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526
14  U.S. 344, 119 S.Ct. 1322 (1999) (notice of removal timely under 28 U.S.C. § 1446(b) if
15  filed within 30 days after service of the complaint).

16

**DIVERSITY JURISDICTION**

17  4.   At the time the Complaint was filed, at the time of removal, and at all
18  intervening times, all Plaintiffs were and continue to be residents of and/or businesses
19  organized in the State of California. (*See* Compl. at ¶¶ 1-3).

20  5.   At the time the Complaint was filed, at the time of removal, and at all
21  intervening times, Defendant Indianapolis Life (n/k/a Aviva Life and Annuity Company
22  but hereinafter referred to as "Indianapolis Life") was, and is, a corporation organized
23  under the laws of the State of Iowa with its principal place of business in the State of
24  Iowa.[1] (*See* Declaration of Marilyn Martin ("Martin Decl.") at ¶ 1 n.1). Indianapolis Life
25  is therefore a "citizen" of Iowa. 28 U.S.C. § 1332(c)(1) (deeming a corporation to be a

26

---

[1] On September 30, 2008, Indianapolis Life Insurance Company was merged into Aviva
27  Life and Annuity. (Martin Decl. at ¶ 1 n.1). At all times relevant to the facts alleged in the
underlying action, Indianapolis Life Insurance Company was an Indiana life insurance
28  corporation, with its principal place of business at the time of the merger in Des Moines, Iowa and
previously in Indianapolis, Indiana. (Martin Decl. at ¶ 1 n.1).

1 citizen of the State were it is incorporated and of the State where it has its principal place
2 of business). Thus, complete diversity of citizenship exists in this case.

3    6.    This Court has original jurisdiction over Plaintiffs' claims because the action
4 presents a dispute between citizens of different States where the matter in controversy
5 exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C.
6 § 1332(a)(1). Accordingly, this case is removable under 28 U.S.C. § 1441(a).

7                **ALLEGATIONS AND CLAIMS IN THE COMPLAINT**

8    7.    The claims asserted in the Complaint purportedly arise out of Plaintiffs'
9 purchase of Indianapolis Life "Executive VIP" whole life insurance policies allegedly used
10 to fund employee benefit plans. (*See* Compl. ¶¶ 10-24).

11    8.    Plaintiffs bring this action on behalf of themselves as corporate entities and
12 as insureds of Indianapolis Life insurance policies. (Compl. ¶¶ 1-3). Plaintiffs allege they
13 were induced to purchase Indianapolis Life whole life insurance policies based on
14 representations that: (1) premium payments used to purchase Indianapolis Life insurance
15 policies would be tax deductible, and (2) they would be able to achieve other significant
16 tax benefits from the structure of the policies. (Compl. ¶¶ 12-13, 20).

17    9.    According to Plaintiffs, the Internal Revenue Service ("IRS") and the
18 California Franchise Tax Board ("FTB") later denied Plaintiffs' tax deductions, resulting
19 in Plaintiffs not being able to obtain the tax benefits they sought, and causing Plaintiffs to
20 pay "taxes, penalties and interest." (Compl. ¶¶ 15-17).

21    10.    The Complaint asserts claims for breach of contract; rescission; fraud; and
22 negligent misrepresentation. (Compl. at Causes of Action).

23    11.    Plaintiffs seek special damages; compensation for all economic losses and
24 financial injury; general damages; compensatory damages; attorneys' fees; statutory
25 damages; punitive damages; costs; prejudgment interest; and other "relief as the Court
26 deems just or proper." (Compl. at "Prayer" clause).

27 ///

28 ///

Rutan & Tucker, LLP
attorneys at law

2395/022625-0013                                    -3-
1047386.01 a10/27/09                        NOTICE OF REMOVAL

1 | **AMOUNT IN CONTROVERSY**

2 | 12. The Complaint expressly alleges that the damages at issue in this case are

3 | well in excess of the $75,000 amount in controversy, exclusive of interest and costs,

4 | requirement set forth in 28 U.S.C. § 1332(a)(1).

5 | 13. First, Plaintiffs seek rescission of their Indianapolis Life insurance policies

6 | and a refund of all premiums paid. (*See* Compl. ¶¶ 11, 16-17).

7 | a. Plaintiffs Michael Ricupito and Ricupito, Inc. paid total out of pocket

8 | premiums for an Indianapolis Life insurance policy as follows:

9 | • Policy No. 100043870 – $982,905.50[2]

10 | (*See* Compl. ¶¶ 10-11); (Martin Decl. at ¶ 5).

11 | b. Plaintiffs Michael Ricupito and Ricupito Pension paid total out of

12 | pocket premiums for Indianapolis Life insurance policies in this case as follows:

13 | • Policy No. 100099769 – $103,649.96

14 | • Policy No. 100101190 – $14,076.00

15 | • Policy No. 100101191 – $5,321.98

16 | • Policy No. 100101192 – $6,973.01

17 | (*See* Martin Decl. at ¶ 5) (*See also* Compl. ¶¶ 22-23). Because the Plaintiffs claim these

18 | amounts as part of their damages in this case, they are properly included in the

19 | jurisdictional amount in controversy required by 28 U.S.C. § 1332(a)(1). (*See* Compl. ¶ 29

20 | (seeking rescission of the Indianapolis Life insurance policies and "all premiums

21 | refunded")).

22 | 14. Second, Plaintiffs Michael Ricupito and Ricupito, Inc. seek as damages the

23 | payments they made to the IRS and FTB for taxes and penalties. (See Compl. ¶ 29

24 | (seeking "damages given for IRS and FTB penalties and interest incurred")). These

25 | amounts, alleged to be $367,160.86 and $79,747 respectively (Compl. ¶ 26), are well in

26 |

27 | [2] The Complaint alleges that Plaintiffs Michael Ricupito and Ricupito, Inc. paid premiums
of approximately $982,905.50, and received $930,789.18 when the policy came to term. (*See*
28 | Compl. ¶¶ 11, 19). Accordingly, the amount sought with respect to this particular policy is at least
$52,116.32 (i.e., premiums paid, less cash value received).

1  excess of the $75,000 amount in controversy requirement set forth in 28 U.S.C.

2  § 1332(a)(1).

3      15.    Moreover, all Plaintiffs seek punitive damages and attorneys' fees from

4  Indianapolis Life. (*See* Compl. "Prayer" clause ¶¶ 5, 7). Because the compensatory

5  damages sought by Plaintiffs significantly exceed $75,000, exclusive of interest and costs,

6  the calculation of such other damages is not necessary to meet the requirements of 28

7  U.S.C. § 1332(a)(1). However, the prayer for punitive damages and attorneys' fees

8  demonstrates a substantial additional amount in controversy.[3]

9      16.    Assuming for purposes of this filing that all of the allegations in the

10  Complaint are true, and disregarding for purposes of this filing each and every defense of

11  Indianapolis Life, there is no question that Plaintiffs have placed more than $75,000,

12  exclusive of interest and costs, in controversy.

13                           **CONCLUSION**

14      17.    This Court has original jurisdiction over this case under 28 U.S.C.

15  § 1332(a)(1) because Plaintiffs' claims present a controversy between parties of diverse

16  citizenship and the amount of controversy exceeds $75,000, exclusive of interests and

17  costs. Accordingly, this case is removable under 28 U.S.C. § 1441(a).

18      18.    Indianapolis Life reserves the right to file additional support for this Notice

19  of Removal by way of affidavits, deposition testimony, expert testimony, discovery

20  responses, supplemental memoranda, and legal argument.

21      19.    Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action

22  together with a copy of this Notice of Removal, shall promptly be filed with the Clerk of

23  the Court in the Superior Court of the State of California in and for the County of

24  Alameda, and served on Plaintiffs' counsel.

25      WHEREFORE, Defendant Indianapolis Life respectfully requests that this case be

26  removed from the Superior Court of the State of California in and for the County of

27

28  _____
   [3] For example, a 1:1 ratio between Plaintiffs' alleged compensatory and punitive damages would result in a significant additional amount in controversy beyond the $75,000 jurisdictional threshold.

1 | Alameda to this Court, and that this Court assume jurisdiction of this action and issue such

2 | further orders and processes as may be necessary to bring before it all parties necessary for

3 | trial.

4 |                                            Respectfully submitted,

5 | Dated: October 27, 2009                   RUTAN & TUCKER, LLP

6

7 |                                    By:

8 |                                    William T. Eliopoulos
                                   Kaveh Badiei

9 |                                    Attorneys for Defendant
                                   INDIANAPOLIS LIFE INSURANCE
                                   COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

09/28/2009 17:48 5106482902      GHIRINGHELLI LAW     PAGE 03

2:25   9-29-09

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INDIANAPOLIS LIFE INSURANCE COMPANY

**ENDORSED**
**FILED**
ALAMEDA COUNTY

**SEP 0 8 2009**

CLERK OF THE SUPERIOR COURT
By   **S. McMULLEN**
                 Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Michael Ricupito; Michael R. Ricupito, DDS, MS, Inc.; Michael
Ricupito DDS, Defined Benefit Pension Plan

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)* Hayward Hall of Justice<br>24405 Amador St., Hayward, Ca. 94544 | CASE NUMBER:<br>*(Número del Caso):*   0 0 4 7 2 8 1 0 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
William F. Ghiringhelli 39159 Paseo Padre Pkwy., Ste. 225 Fremont, Ca. 94538

| DATE: 9/8/09 **SEP 0 8 2009**<br>*(Fecha)* | PAT S. SWEETEN Clerk, by<br>*(Secretario)* | **S. McMullen** , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitous name of *(specify):*

3. ☑ on behalf of *(specify):* Indianapolis life Insurance Company

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

LAW OFFICES OF
1  WILLIAM F. GHIRINGHELLI
   WILLIAM F. GHIRINGHELLI (SBN 195376)
2  39159 PASEO PADRE PKWY, STE 225
   FREMONT, CA 94538
3  Telephone: 510-396-3148
   Facsimile: 510-648-2902
4
   Attorney for Plaintiff:
5  Michael Ricupito; MICHAEL R. RICUPITO, DDS, MS, INC,
   MICHAEL RICUPITO DDS, DEFINED BENEFIT PENSION PLAN
6

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**SEP 0 8 2009**

CLERK OF THE SUPERIOR COURT
By ____ S. McNAMARA
                              Deputy

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

               IN AND FOR THE COUNTY OF ALAMEDA
8

9  MICHAEL RICUPITO, an individual; and   ) Case No.: No.
   MICHAEL R. RICUPITO, DDS, MS, INC., a  )
10 California corporation; MICHAEL RICUPITO )        RG09472810
   DDS, DEFINED BENEFIT PENSION PLAN,      )
11                                         )
                                           ) COMPLAINT FOR BREACH OF
12         Plaintiffs,                      ) CONTRACT; RELIEF BASED ON
                                           ) RESCISSION; FRAUD-
13         v.                              ) MISREPRESENTATION; NEGLIGENT
                                           ) MISREPRESETATION
14 INDIANAPOLIS LIFE INSURANCE            )
   COMPANY an Indiana corporation, and    )
15 DOES 1 through 100 inclusive,          )
                                           )
16                                         ) Unlimited Civil Case
           Defendants.                     ) [Amount in Controversy Exceeds
17                                         ) $25,000.00}
                                           )
18 _____)

19     COMES  NOW,  Plaintiffs  MICHAEL  RICUPITO,  an  individual

20 (hereinafter "RICUPITO"); MICHAEL R. RICUPITO, DDS, MS, INC., a

21
   California corporation (hereinafter "RICUPITO, INC.."), and THE
22
23 MICHAEL   R.   RICUPITO   DDS,   DEFINED   BENEFIT   PENSION   PLAN

24 (hereinafter  "RICUPITO  PENSION"),    (hereinafter  collectively

25 referred to as "Plaintiffs"), and alleges the following:

26
27                        **GENERAL ALLEGATIONS**

28
           1.   Plaintiff RICUPITO, is and at all times herein

                         COMPLAINT - 1

1 mentioned was an individual residing in the state of California,
2 county of Alameda.

3
4       2.   Plaintiff RICUPITO INC., is and at all times
5 herein mentioned was a California corporation with its principal
6 place of business in the state of California, county of Alameda.

7
8       3.   Plaintiff RICUPITO PENSION, is a defined benefit
9 plan with its principal place of business in the state of
10 California, county of Alameda.

11
12      4.   Defendant Indianapolis Life Insurance Company
13 ("INDI") is an Indiana corporation which, at all times pertinent
14 hereto, was engaged in the business of insurance in the State of
15 California.

16
17      5.   The contract that created the obligation on which
18 this action is based was in fact entered into in the city of
19 Fremont (signed by RICUPITO), county of Alameda, California.
20 Venue is proper in Santa Clara county (CCP§395(a)).
21

22      6.   The contract that created the obligation on which
23 this action is based has been performed by Plaintiffs' in
24 Plaintiffs' office in the city of Fremont, county of Alameda,
25 and all of Defendant's obligations and acts of commission and
26 omission herein alleged occurred in the county of Alameda,
27 California. Venue is proper in Alameda county (CCP§395(a)).
28

1          7.    Plaintiffs  are  ignorant  of  the  true  names  and

2    capacities  of  defendants  sued  herein  as  DOES  1  through  100

3    inclusive,  and  therefore  sues  these  defendants  by  such

4    fictitious names.  Plaintiff prays leave to amend this complaint

5    to  allege  their  true  names  and  capacities  when  the  same  have

6    been ascertained.

7

8          8.    Plaintiff  is  informed  and  believes,  and  thereon

9    alleges that each of the defendants sued herein is responsible

10   in  some  manner  for  the  occurrences  herein  alleged,  and  that

11   Plaintiffs damages, as herein alleged, were proximately caused

12   by such defendants.

13

14

15         9.    Plaintiff  is  informed  and  believes,  and  thereon

16   alleges  that  at  all  times  herein  mentioned  each  of  the

17   defendants sued herein was the agent of employee of each of the

18   remaining defendants, and was, at all times, acting within the

19   purpose and scope of such agency or employment; in addition,

20   each defendant authorized and/or ratified and thus approved the

21   acts of each of the other defendants acting for and on behalf of

22   the other.

23

24

25         **FIRST CAUSE OF ACTION - BREACH OF CONTRACT**

26

27         10.  On  or  about  September  13,  1998,  RICUPITO  and

28   RICUPITO,  INC.  entered  into  an  "Executive  VIP"  whole  life

insurance policy number 100043870 written by INDI.  The policy

had a ten year term expiring September 13, 2008.

11.  During the policy period RICUPITO and RICUPITO, INC. paid premiums of approximately $982,905.50.

12.  INDI life by and through its agents marketed said Executive VIP policy and assured Plaintiffs that they would receive tax deductions and other tax benefits  by purchasing these policies which allegedly were specifically designed to produce tax benefits.

13.  Plaintiffs RICUPITO and RICUPITO, INC. purchased the policy in order to obtain the significant tax benefits.

14.  Plaintiff RICUPITO, INC. deducted the premiums of approximately $982,905.50 on its Federal and State of California tax returns.

15.  The Internal Revenue Service "IRS" and state of California Franchise Tax Board (FTB) denied the deductions in their entirety, thereby rendering INDI's promises of tax deductions false and constituting a breach of contract.

16. On or about February 5, 2007, RICUPITO and RICUPITO, INC. paid the IRS approximately $367,160.86 which included taxes, penalties and interest.

17. On or about February 12, 2007, RICUPITO and RICUPITO, INC. paid the FTB approximately $79,747 which included

taxes, penalties and interest.

18.  RICUPITO and RICUPITO, INC. incurred substantial legal fees in defending itself from the IRS and FTB.   The IRS initially contacted RICUPITO and RICUPITO, INC. through its criminal investigation division.

19.  On or about September 13, 2008 the policy came to term, and shortly thereafter, INDI issued a check to RICUPITO and/or RICUPITO, INC. in the approximate amount of $930,789.18.

20.  Plaintiffs are informed and believe and on that basis allege that INDI created this policy and intentionally concealed or misrepresented that it required Plaintiffs to contribute substantial amounts of premiums for five (5) years and that Plaintiffs were unable to retrieve or otherwise utilize for any purpose funds paid into the policy for an additional five (5) years.

21.  RICUPITO and RICUPITO, INC. have been damaged by paying taxes, interest, penalties and attorney fees, and by receiving an ending cash value check less than the premiums, and by buying and then canceling early additional policies named in paragraph 22 below.

22.  Additional VIP insurance contracts, policy number 000100099769, 000100101191 and 000100101190 were issued by INDI

1  to plaintiff RICUPITO PENSION beginning on or about April 21,
2  2003.

3
4       23. As a result of the breach and false
5  representations related to the "Executive VIP" whole life
6  insurance policy number 100043870, RICUPITO justifiably stopped
7  making payments on the VIP policies numbers 000100099769,
8  000100101191 and 000100101190.
9

10      24. As a direct result thereof Plaintiffs are
11  informed and believe they have been damaged in an amount to be
12  proven at trial, and Plaintiff will seek leave to amend the
13  complaint to state the exact amount when ascertained.
14

15
16     WHEREFORE, Plaintiffs pray for judgment against defendants
17  as hereinafter set forth.

18         SECOND CAUSE OF ACTION - RELIEF BASED ON RESCISSION

19      25. Plaintiffs hereby again allege and incorporate
20  herein by this reference each and every allegation contained in
21  Paragraphs 1 through 24, inclusive, of this complaint as though
22
23  fully set forth herein.

24
25      26. At the time, on or about February 5, 2007,
26  RICUPITO wrote checks to IRS for $367,160.86 and on February
27  12, 2007, the FTB approximately $79,747, Plaintiffs was aware
28  the promised tax benefits were false.

---

COMPLAINT - 6

27.   The representations made by INDI were in fact false.    The true facts were that the insurance policy as designed was a fraudulent tax shelter.

28.   Based upon INDI's false representations RICUPITO and RICUPITO PENSION was excused from further performance, and was justified in not continuing to make payments under its insurance contacts, and will suffer substantial damages if the insurance contracts are not rescINDId in their entirety and all premiums paid be refunded.

29.   Based upon INDI's false representations RICUPITO and RICUPITO, INC. will suffer substantial damages if the insurance contracts are not rescINDId, all premiums refunded, and damages given for IRS and FTB penalties and interest incurred, attorney fees, less any allowable offsets.

30.   As a direct result thereof   Plaintiffs are informed and believe they have been damaged in an amount to be proven at trial, and Plaintiffs will seek leave to amend the complaint to state the exact amount when ascertained.

WHEREFORE, Plaintiffs pray for judgment against defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION - FRAUD

31.   Plaintiffs hereby again allege and incorporate herein by this reference each and every allegation contained in

1   Paragraphs 1 through 30, inclusive, of this complaint as though
2   fully set forth herein.

3
4          32.  Plaintiffs are informed and believe and on that
5   basis allege that INDI failed to disclose, either through its
6   agents or in its marketing material, and concealed the fact that
7   the insurance policies sold to Plaintiff's carried significant
8   risk of being disallowed by the IRS.
9

10         33.  Plaintiffs are informed and believe and on that
11  basis allege that INDI represented, through its agents and
12  employees, and in its own advertising material and brochures,
13  that the plans were qualified and deductible on their tax
14
15  returns when they in fact knew there was substantial risk that
16  these representations were false.

17
18         34.  Plaintiffs are informed and believe and on that
19  basis allege that INDI failed to disclose and concealed the fact
20  that the insurance policies sold to Plaintiffs had    death
21  benefits unrelated to normal underwriting and needs analysis
22
23  parameters and was determined solely on the basis of Plaintiffs
24  willingness to invest the significant amounts of money paid as
25  premiums.

26
27         35.  As a direct result thereof    Plaintiffs are
28  informed and believes that they have been damaged in an amount
    to be proven at trial, and Plaintiffs will seek leave to amend

1   this complaint to state the exact amount when ascertained.

2       WHEREFORE, Plaintiffs pray for judgment against defendants
3   as hereinafter set forth.
4

5
6           **FOURTH CAUSE OF ACTION - NEGLIGENT MISREPRESENTATION**

7

8           36.  Plaintiffs hereby again allege and incorporate
9   herein by this reference each and every allegation contained in
10  Paragraphs 1 through 35, inclusive, of this complaint as though
11
12  fully set forth herein.

13          37.  Defendants made the important and material
14  representations to Plaintiffs and/or their representatives as
15
16  herein described.

17          38.  These representations were not true.
18

19          39.  Defendants had no reasonable grounds for
20  believing that these representations were true when they made
21
22  them.  Said representations were made negligently and without
23  sufficient knowledge to make them.  Defendants were aware, or
24  reasonably should have been aware, that they had insufficient
25  information or knowledge to make such.  Nonetheless, said
26  representations were made to Plaintiffs.
27

28          40.  Defendants intended that Plaintiffs rely on the
    representations made.

COMPLAINT - 9

41. Plaintiffs did in fact reasonably rely on these representations to the detriment of Plaintiffs herein.

42. As a result, Defendants committed tortious acts of negligent misrepresentation.

43. As a direct and proximate result of these wrongs, Plaintiffs are informed and believe they have been damaged in an amount to be proven at trial, and Plaintiffs will seek leave to amend this complaint to state the exact amount when ascertained.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## PRAYER

1. For special damages according to proof;

2. Compensation for all economic losses and financial injury proximately caused by the wrongdoing of defendant;

3. For general damages for those Plaintiffs entitled to such under the law;

4. For compensatory damages in an amount according to proof;

5. For attorneys' fees;

6. For all statutory damages to which any Plaintiff is entitled;

7. For punitive damages because of the malice, oppression or fraud of defendant in an amount appropriate to punish them and to deter them and other from similarly acting;

1       7.   For costs of suit incurred herein;

2       8.   For prejudgment interest as determined is appropriate

3    under the law under Civil Code §§ 3287 and 3288; and

4       9.   For such other and further relief as the Court deems

5       just and proper.

6

7    Dated: September 8, 2009        William F. Ghiringhelli

8

9

10                                   Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09/28/2009 17:48 5106482902 GHIRINGHELLI LAW PAGE 15

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William F. Ghiringhelli SBN 195376<br>Law Offices of William F. Ghiringhelli<br>39159 Paseo Padre Pkwy., Ste. 225<br>Fremont, Ca. 94538<br>TELEPHONE NO.: 510-739-6495   FAX NO.: 510-648-2902<br>ATTORNEY FOR *(Name):* Michael Ricupito et al | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>SEP 0 8 2009<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>S. McMullen |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 24405 Amador St.
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Ricupito v. Indianapolis Life

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>HG 0 0 4 2 8 1 0 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☑ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | | |
| ☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | Real Property<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | Unlawful Detainer | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | ☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>Judicial Review<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02) | ☐ Enforcement of judgment (20)<br>Miscellaneous Civil Complaint<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>Miscellaneous Civil Petition<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| Employment<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*  breach of contract; rescission; fraud; negligence
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 8, 2009
William F. Ghiringhelli
_____         ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                        Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                   Cal. Standards of Judicial Administration, std. 3.10
                                                                   www.courtinfo.ca.gov
                                                                   American LegalNet, Inc.
                                                                   www.FormsWorkflow.com

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)—Personal Injury/Property
      Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
          Wrongful Death
  Product Liability *(not asbestos or
      toxic/environmental)* (24)
  Medical Malpractice (45)
      Medical Malpractice—
          Physicians & Surgeons
      Other Professional Health Care
          Malpractice
  Other PI/PD/WD (23)
      Premises Liability (e.g., slip
          and fall)
      Intentional Bodily Injury/PD/WD
          (e.g., assault, vandalism)
      Intentional Infliction of
          Emotional Distress
      Negligent Infliction of
          Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
      Practice (07)
  Civil Rights (e.g., discrimination,
      false arrest) *(not civil
      harassment)* (08)
  Defamation (e.g., slander, libel)
      (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
          *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
      Breach of Rental/Lease
          Contract *(not unlawful detainer
              or wrongful eviction)*
      Contract/Warranty Breach–Seller
          Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
          Warranty
      Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
          Case
  Insurance Coverage *(not provisionally
      complex)* (18)
      Auto Subrogation
      Other Coverage
  Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
      Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent
          domain, landlord/tenant, or
          foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
          Case Matter
      Writ–Other Limited Court Case
          Review
  Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
          Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
      *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
      Abstract of Judgment (Out of
          County)
      Confession of Judgment *(non-
          domestic relations)*
      Sister State Judgment
      Administrative Agency Award
          *(not unpaid taxes)*
      Petition/Certification of Entry of
          Judgment on Unpaid Taxes
      Other Enforcement of Judgment
          Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
      above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-
          harassment)*
      Mechanics Lien
      Other Commercial Complaint
          Case *(non-tort/non-complex)*
      Other Complaint
          *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
      Governance (21)
  Other Petition *(not specified
      above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
          Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
          Claim
      Other Civil Petition

Ghiringhelli, William F.
39159 Paseo Padre Pkwy
Suite 225
Fremont, CA 94538

## Superior Court of California, County of Alameda

Ricupito

**Plaintiff/Petitioner(s)**

VS.

Indianapolis Life Insurance Company, an Indiana

**Defendant/Respondent(s)**

(Abbreviated Title)

No. HG09472810

NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 01/25/2010<br>Time: 03:15 PM | Department: 24<br>Location: Administration Building<br>Third Floor<br>1221 Oak Street, Oakland CA 94612 | Judge: Patrick J. Zika<br>Clerk: Benilda Nelson<br>Clerk telephone: (510) 267-6940<br>E-mail:<br>Dept.24@alameda.courts.ca.gov |
|---|---|---|
| | Internet: http://www.alameda.courts.ca.gov | Fax: (510) 267-1509 |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/11/2009.

By _____

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: HG09472810
Case Title: Ricupito VS Indianapolis Life Insurance Company, an Indiana
Date of Filing: 09/08/2009

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Patrick J. Zika** |
| **Department:** | **24** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6940** |
| **Fax Number:** | **(510) 267-1509** |
| **Email Address:** | **Dept.24@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

## ASSIGNED FOR ALL PURPOSES TO
## JUDGE Patrick J. Zika
## DEPARTMENT 24

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

The use of e-mail is generally preferred by the court to reduce the heavy burden on court staff in responding to telephone and fax communications, particularly for requests relating to scheduling of case management events. Use of e-mail will greatly facilitate a prompt response by the court and staff to your inquiries.

Please note that use of e-mail/fax is not a substitute for the filing of pleadings or other documents.

Counsel and self-represented parties are reminded of the obligation to provide copies of all such communications to opposing counsel and self-represented parties on a contemporaneous basis.

If the communication requests a response from the court, e-mail addresses of all opposing counsel/self represented parties shall be supplied in the original e-mail whenever available to the sender.

When sending an e-mail, the e-mail must be free of viruses and preferably in Microsoft Word format. Do not send the Court Courtesy copy of any pleading unless specifically requested.

### Schedule for Department 24

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date.

- Trials generally are held: Mondays through Thursdays at 9:00 a.m.
- Case Management Conferences are held: Initial Case Management Conferences: Wednesdays and Thursdays at 3:15 p.m.
- Case Management Conference Continuances: Fridays at 9:00 a.m.
- Law and Motion matters are heard: Mondays and Tuesdays at 3:15 p.m. Contact the clerk to reserve a date before filing any law and motion matters. For Tentative

rulings, please see specifically Local Rule 3.30(c).  To contest a ruling, call or e-mail Dept. 24 in a timely manner.

- Settlement Conferences are heard:  Fridays at 10:00 a.m.
- Ex Parte matters are heard:  Mondays and Wednesdays at 3:00 p.m. Contact the clerk to reserve a date and time before noticing any party.
- Contact the clerk to reserve a date before filing any demurrers. Contact the clerk to reserve a date before filing any summary judgments.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:        Dept.24@alameda.courts.ca.gov

    Trial Management Compliance hearings and first day of trial: Fridays at 2:00 p.m. Compliance hearings are heard:  Mondays through Thursdays at 3:15 p.m. and Fridays at 9:00 a.m.

- Ex Parte Matters
    Email:        Dept.24@alameda.courts.ca.gov

    Contact the clerk to reserve a date and time before noticing any party.

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 24
- Phone: 1-866-223-2244

Dated:  09/10/2009

*Yolande N. Northridge*

Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/11/2009

By    ~~Susan C. Campos~~

Deputy Clerk