A CERTIFIED TRUE COPY
ATTEST

By Mecca S. Thompson on Dec 10, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

Nov 24, 2009

FILED
CLERK'S OFFICE

**IN RE: INDIANAPOLIS LIFE INSURANCE COMPANY**
**I.R.S. § 412(I) AND § 419 PLANS LIFE INSURANCE**
**MARKETING LITIGATION**

Michael Ricupito, et al. v. Indianapolis Life Insurance Co.,
  N.D. California, C.A. No. 3:09-5111
~~Khalid Sawaged, et al. v. Indianapolis Life Insurance~~
  ~~Co., et al., D. New Jersey, C.A. No. 2:09-5422~~
  Opposed 12/09/09

MDL No. 1983

Certified a true copy of an instrument on file in my office on 12-11-09
Clerk, U.S. District Court,
Northern District of Texas
_____ Deputy

**CONDITIONAL TRANSFER ORDER (CTO-4)**

On October 7, 2008, the Panel transferred one civil action to the United States District Court for the Northern District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 581 F.Supp.2d 1364 (J.P.M.L. 2008). Since that time, three additional actions have been transferred to the Northern District of Texas. With the consent of that court, all such actions have been assigned to the Honorable Jane J. Boyle.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Texas and assigned to Judge Boyle.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Texas for the reasons stated in the order of October 7, 2008, and, with the consent of that court, assigned to the Honorable Jane J. Boyle.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Texas. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is pending at this time, the stay is lifted.

Dec 10, 2009

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel